Youssef H. Hammoud (SNB: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Carlos Bermudez Jr*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BERMUDEZ JR, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND FUNDING LLC, <br><br> Defendant. | Case No.: 2:21-cv-02801 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:** <br><br> 1. CCRAA, Cal. Civ. Code § 1785 *et seq.* <br> 2. FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692 *et seq.*] <br> 3. RFDCPA, Cal. Civ. Code § 1788 *et seq.* |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Carlos Bermudez Jr ("Plaintiff"), through his attorneys, alleges the following against Midland Funding LLC ("Midland" or "Defendant").

///

///

- 1 -

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785 *et seq*, which regulates credit reporting agencies and furnishers of information from reporting incomplete or inaccurate information on a consumer's credit report.

2. Count II and III of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

4. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

5. Supplemental jurisdiction of the court arises under 28 U.S.C. § 1367 as the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff Carlos Bermudez Jr is a natural person residing in California.

9. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1785.3(b) and 15 U.S.C. § 1692(a)(3).

10. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

11. Defendant is a "person" as defined by Cal. Civ. Code § 1785.3(j).

12. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Defendant Midland's principal purpose is the collection of debts. Defendant's principal place of business is located in San Diego, CA and can be served through its agent for service of process, CSC – Lawyers Incorporating Service, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

///

COMPLAINT AND DEMAND FOR JURY TRIAL

# FACTUAL ALLEGATIONS

## A.  CITIBANK ACCOUNT

16. In or around October 2009, Plaintiff opened a credit card account (the "Account') with non-party Citibank.

17. Plaintiff used the Account primarily for personal, family, or household purposes.

18. In or around 2016, Plaintiff began to experience financial hardships and fell behind on some of his bills.

19. On or about June 29, 2016, Plaintiff made his last payment on the Account.

20. Plaintiff never made a payment to Citibank or any other entity with respect to the Account after June 29, 2016.

## B.  UNLAWFUL ATTEMPTS TO COLLECT

21. On or about December 2, 2020, Defendant filed a state court action against Plaintiff in an attempt to collect on the alleged balance on the Account. *See Exh. A,* pg. 8.

22. Defendant's state law complaint inaccurately states that the date of last payment on the Account was May 22, 2018. *Id.* at pg. 9, ¶ 7.

23. However, Defendant attached exhibits to the complaint showing records from Citibank and statements that evidence a date of last payment as June 2016. *Id.* at pg. 18, 19.

24. As a result, Defendant's lawsuit is untimely and passed the statute of limitations.

25. Defendant's lawsuit has falsely represented the character, amount, or legal status of the alleged debt.

26. Defendant has used false representations in connection with the collection of the alleged debt.

27. Defendant knew or should have known that the Account was passed the statute of limitations and could no longer be legally enforced because Defendant's own records indicate as such.

28. Upon information and belief, Defendant has engaged and currently engages in similar unlawful pattern or practices by modifying the date of last payment on debts that are passed the statute of limitations.

## C. <u>INACCURATE CREDIT REPORTING</u>

29. In or around March 2021, Plaintiff pulled his credit report from Equifax Information Services LLC.

30. Plaintiff learned that Defendant was inaccurately reporting the Account with a date of last payment as May 01, 2018.

31. Plaintiff also learned that Defendant was inaccurately reporting payments being made in February 2019, April 2019, May 2019, June 2019, and July 2019.

32. Upon information and belief, Defendant is also reporting the same inaccurate information to the other major credit reporting agencies, Experian and Trans Union.

33. Defendant furnished information to the credit reporting agencies it knew or should have knew was inaccurate.

34. Defendant knew or should have known the information it was furnishing to the credit reporting agencies was inaccurate because Defendant's own records evidence a date of last payment in June 2016.

35. The inaccurate information being furnished by Defendant would lead prospective credit lenders to believe that the Account was still within the statute of limitations and could be legally enforced.

36. The inaccurate information being furnished by Defendant negatively affected Plaintiff's credit worthiness, credit score and overall ability to obtain credit.

37. As a result of Defendant's actions, Plaintiff has suffered from significant emotional and mental pain and anguish, including but not limited to, stress, anxiety, fear, confusion, headaches, and sleepless nights.

38. Further, Plaintiff's credit score, credit worthiness and ability to obtain credit has been negatively impacted.

///

///

# COUNT I
## Defendant Midland
### (Violations of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.*)

39. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

40. Defendant violated the CCRAA. Defendants' violations include, but are not limited to, the following:
    a. Defendant violated Cal. Civ. Code § 1785.25 by furnishing information on a specific transaction or experience to the credit reporting agencies that Defendant knew or should have knew is incomplete or inaccurate
        i. Plaintiff's last payment on the Account was in June 2016.
        ii. Defendant knew or should have known that Plaintiff's last payment was in June 2016 because Defendant's own internal records reflect as such.
        iii. Defendant furnished inaccurate information to the credit reporting agencies indicating that Plaintiff's date of last payment was on May 01, 2018.
        iv. Further, Defendant furnished inaccurate information to the credit reporting agencies indicating that Plaintiff had made payments on the Account in February 2019, April 2019, May 2019, June 2019, and July 2019.

41. Defendant's acts, as described above, were done willfully and knowingly.

42. As a result of the foregoing violations of the CCCRAA, Defendant is liable to Plaintiff for actual damages, punitive damages, and attorneys' fees and costs pursuant to Cal. Civ. Code 1785.31.

## COUNT II
### Defendant Midland
**(Violations of the RFDCPA, Cal. Civ. Code § 1788 *et seq.*)**

43. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

44. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Cal. Civ. Code § 1788.14(b) by collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charges for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law;

   b. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading

representation or means in connection with the collection of any debt; and

    ii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e(2), which prohibits representation of (A) the character, amount, or legal status of any debt; and

    iii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e(8), which prohibits communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

    iv. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer; and

    v. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    vi. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f(1), which prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the

principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

45. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

46. Defendant knew or should have known that Plaintiff's last payment was made on June 29, 2016 because its own records reflect as such, and that the state court lawsuit filed against Plaintiff in December 2020 was passed the statute of limitations. Despite its own internal records reflecting a date of last payment in June 2016, Defendant proceeded to unlawfully collect on an amount allegedly owed by Plaintiff.

47. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
### Defendant Midland
**(Violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.)**

48. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

49. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   i. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt; and

COMPLAINT AND DEMAND FOR JURY TRIAL

    ii. Defendant violated 15 U.S.C. § 1692e(2), which prohibits representation of (A) the character, amount, or legal status of any debt; and

    iii. Defendant violated 15 U.S.C. § 1692e(8), by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

    iv. Defendant violated 15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer; and

    v. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    vi. Defendant violated 15 U.S.C. § 1692f(1), which prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

50. Defendant's acts, as described above, were done knowingly and willfully.

51. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Carlos Bermudez Jr respectfully requests that judgment be entered against Defendants Midland Funding LLC for the following:

A. Declaratory judgment that Defendant violated the CCRAA;

B. Actual damages pursuant CCRAA, Cal. Civ. Code § 1785.31(a)(1) and Cal. Civ. Code § 1785.31(a)(2)(A);

C. Punitive damages of $5,000.00 per violation pursuant to CCRAA, Cal. Civ. Code § 1785.31(a)(2)(B);

D. Costs and attorney's fees pursuant to CCRAA, Cal. Civ. Code § 1785.31(a)(1);

E. Declaratory judgment that Defendant violated the RFDCPA;

F. Actual damages pursuant CCRAA, Cal. Civ. Code § 1788.30(a) and § 1788.30(b);

G. Statutory damages in the amount of $1,000 pursuant to Cal. Civ. Code § 1788.30(b);

H. Costs and attorney's fees pursuant to Cal. Civ. Code § 1788.30(c);

I. Declaratory judgment that Defendant violated the FDCPA;

J. Actual Damages pursuant to 15 U.S.C. 1692k(a)(1); and

K. Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k(2)(A); and

L. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3);

M. Punitive damages to be determined at trial, for the sake of example and punishing defendants for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a);

N. Awarding Plaintiff any pre-judgment and post judgment interest as may be allowed under the law; and

O. Any other relief that this Court may deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: March 31, 2021

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5595
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Carlos Bermudez Jr*

COMPLAINT AND DEMAND FOR JURY TRIAL